532 A.2d 68

Rae Ratner *v.* Day by Day Enterprises, Inc., et al. and Philadelphia Electric Company and City of Philadelphia. Philadelphia Electric Company, Appellant.

Argued February 26, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Kevin McNolty,* with him, *Joseph M. Donley* and *Robert Emmet Hernan, Kittredge, Kaufman & Donley,* for appellant.

*Norman G. Prajzner,* Chief Assistant City Solicitor, with him, *Armando A. Pandola, Jr.,* Chief Deputy, Claims, and *Handsel B. Minyard,* City Solicitor, for appellee, City of Philadelphia.

OPINION BY JUDGE BLATT, October 14, 1987:

This is an appeal by the Philadelphia Electric Company (PECO) from an order of the Court of Common Pleas of Philadelphia County (trial court) which sustained the preliminary objection of the City of Philadelphia (City) to the City's joinder by PECO as an additional defendant, and which dismissed the complaint against the City with prejudice.

This case arises due to injuries sustained in a fall. It is alleged that on or about November 12, 1984, Rae Ratner, while walking, fell on the sidewalk adjacent to 2101 Sansom Street. She alleged that the sidewalk was in an unsafe condition and named as defendants in her complaint Day by Day Enterprises, Inc. and Robin Ravner, individually (lessees), Samuel Rappaport, individually and t/a 21st and Chestnut Street Partnership, (buyer of the premises under an installment agreement), and the Philadelphia Authority for Industrial Development (record owner). These defendants thereafter joined PECO, alleging that Ms. Ratner's injuries were caused by the defective condition of a PECO manhole cover on the sidewalk. PECO then attempted to join the City, which in turn filed preliminary objections to its joinder.

The trial court dismissed the City's preliminary objection relating to untimely joinder,[1] but did hold that joinder under Pa. R.C.P. No. 2252 is improper, because the City is at most secondarily liable and Rule 2252 does not authorize joinder of parties who are only secondarily liable. It is this issue which we must review.

---

[1] The question of whether or not PECO's attempt to join the City was timely is not before us.

In *Jenkins v. American Dredging Company,* 406 Pa. 145, 177 A.2d 451 (1962), our State Supreme Court clearly held that joinder of a party who is secondarily liable is not authorized under Rule 2252. *See also Eckrich v. DiNardo,* 283 Pa. Superior Ct. 84, 423 A.2d 727 (1980). PECO suggests, however, that the City's liability as to it is potentially more than secondary. Specifically, PECO attempts to construe Section 8542(b)(7) of the Judicial Code, 42 Pa. C. S. §8542(b)(7) (pertaining to governmental immunity for dangerous conditions of sidewalks), as permitting the City to be secondarily liable only as to property owners. It argues, therefore, that, because PECO does not own the sidewalk, the City is not secondarily liable as to it.

Section 8542(b)(7) of the Judicial Code, cited by PECO reads as follows:

> The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (7) Sidewalks—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody, and control of other persons, the local agency shall be second-

arily liable only and such *other persons* shall be primarily liable. (Emphasis added.)

It is obvious that under this Section, the City is secondarily liable to such *other persons* and that this term is not restricted to property owners. We must decline therefore to adopt PECO's position as to this matter.

PECO also argues that, if the dangerous condition in question was located where the sidewalk meets the manhole cover, the City's liability would be more than secondary. Again, we must disagree. To the extent that the injury was due to the sidewalk, Section 8542 controls, and reduces the City's liability to secondary status.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 14th day of October, 1987 the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.