536 A.2d 844

Mildred Pritchard, Administratrix of the Estate of Robert Pritchard, Deceased and Mildred Pritchard, Individually, Appellant *v.* City of Pottsville et al., Appellees.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony J. Urban,* for appellant.

*Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo,* for appellee, City of Pottsville.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 25, 1988:

Mildred Pritchard[1] appeals a Schuylkill County Common Pleas Court order granting the City of Pottsville's (Pottsville) motion for summary judgment. We affirm in part and reverse and remand in part.

---

[1] Pritchard filed this action as administratrix of her son Robert's estate and on her own behalf.

On June 25, 1983, Robert Pritchard's body was found at the bottom of an embankment running parallel to Peacock Street, a state road in Pottsville.[2] Pritchard commenced a wrongful death/survival action against Pottsville and others, alleging that its negligence in failing to adequately light or maintain the sidewalk caused her son's death. The common pleas court dismissed Pritchard's claim against Pottsville[3] because she failed to establish that Pottsville owned Peacock Street or the sidewalk.

On appeal, Pritchard initially argues that the common pleas court erred in requiring evidence of direct municipal ownership of the sidewalk under Section 8542(b)(7) of the Judicial Code.[4] She contends that Pottsville maintained a possessory interest in Peacock Street and the sidewalk which is sufficient to impose liability under *Lowman v. Indiana School District,* 96 Pa. Commonwealth Ct. 389, 507 A.2d 1270 (1986). We disagree.

In *Lowman,* we held that a mere possessory interest is sufficient to expose a local agency to liability under Section 8542(b)(3) of the Judicial Code, *i.e.,* the *real*

---

[2] Peacock Street in Pottsville is known in the state highway system as LR53043.

[3] For purposes of the summary judgment motion, it was assumed that the decedent's death was caused by coming into contact with defects in the sidewalk and falling down the embankment.

[4] 42 Pa. C. S. §8542(b)(7). The sidewalk exception provides, in part:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(7) *Sidewalks.*—A dangerous condition of sidewalks within the right-of-way of streets owned by the local agency. . . .

*property* exception.[5] In contrast, *the sidewalk* exception expressly requires *ownership* of the right-of-way by the local agency. Reviewing the pleadings and affidavits, it is clear that Pottsville did not own either the street or the sidewalk.

Pritchard also argues that the common pleas court erred in releasing Pottsville from liability because she alleged municipal negligence through inadequate street lighting under Section 8542(b)(4) of the Judicial Code[6].

The street lighting exception requires a local agency to have "care, custody, or control" of a street light for it to be exposed to liability. Here, the record reflects that Pottsville contracted with a utility company for street lighting.[7] Although Pottsville filed affidavits disclaiming responsibility for the street lighting, we hold that under the circumstances the question of whether the lighting was under the care, custody, or control of Pottsville is one of disputed material fact and not proper for disposi-

---

[5] 42 Pa. C. S. §8542(b)(3). The real property exception also provides:

A [sic] used in this paragraph, 'real property' shall not include:

. . . .

(iv) *sidewalks.*
(Emphasis added.)

[6] 42 Pa. C. S. §8542(b)(4). The street lighting exception provides, in part:

(4) *Trees, traffic controls and street lighting.*—A dangerous condition of . . . street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred. . . .

[7] Paragraph 6 of Pottsville's expert's (John K. Schneider, P.E.) affidavit provides:

6. The lighting system on LR53043 on Peacock Street is provided by Pennsylvania Power and Light Company. The City pays for the lighting system. . . .

tion in a summary judgment motion under Pa. R.C.P. No. 1035.

We therefore affirm that part of the common pleas court order granting Pottsville's motion for summary judgment as to the sidewalk exception. We reverse that portion of the common pleas court order granting Pottsville's motion for summary judgment under the street light exception and remand this case to the common pleas court for further proceedings.

## ORDER

That portion of the Schuylkill County Common Pleas Court order, No. S-415-1984 dated May 22, 1986, granting the City of Pottsville's (Appellee) summary judgment motion based on Section 8542(b)(7) of the Judicial Code, 42 Pa. C. S. §8542(b)(7), is affirmed.

That portion of the order granting Appellee's motion for summary judgment based on Section 8542(b)(4) of the Judicial Code, 42 Pa. C. S. §8542(b)(4), is reversed, and this case is remanded for further findings consistent with this opinion.

Jurisdiction relinquished.