542 A.2d 637

Anna Kozura and John Kozura, her husband, Appellants *v*. A & J Quality Shoppe, Inc. and Borough of Minersville, Appellees.

Argued February 25, 1988, before Judges CRAIG, McGINLEY and SMITH, sitting as a panel of three.

*John W. Craynock, Anapol, Schwartz, Weiss & Schwartz, P.C.,* for appellants.

*Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo,* for appellee, Borough of Minersville.

OPINION BY JUDGE SMITH, June 8, 1988:

Appellants Anna and John Kozura, (Plaintiffs below), appeal from an order of the Schuylkill County Court of Common Pleas granting summary judgment to Appellee Borough of Minersville (Defendant) pursuant to Section 8542(b) of the Governmental Immunities Act.[1] We reverse and remand.

The sole issue on appeal is whether the trial court erred as a matter of law in granting Defendant's motion for summary judgment. Plaintiffs, husband and wife, commenced their negligence action seeking damages against Defendants A & J Quality Shoppe, Inc. and the Borough of Minersville alleging that defendants individually, or jointly and severally, owned or controlled the sidewalk on which plaintiff fell. Plaintiff Anna Kozura was walking along Sunbury Street in the Borough of Minersville on April 21, 1984 when she tripped, fell and suffered injury as a result of an alleged defective condition in the sidewalk in front of A & J Quality Shoppe, Inc., a luncheonette in downtown Minersville. Defendant Borough of Minersville moved for summary judgment on the contention that A & J Quality Shoppe owned and controlled the subject sidewalk; that Sunbury Street is a roadway owned and controlled by the Commonwealth; and that the Borough is immune from suit under the governmental immunities provisions since the sidewalk in question is adjacent to a state

---

[1] Sections 8541-64 of the Judicial Code, 42 Pa. C. S. §§8541-64.

roadway and is therefore not a sidewalk within the rights-of-way of streets owned by the local agency. The Court below granted summary judgment to Defendant Borough on the premise that no liability may be imposed against the Borough under Section 8542(b)[2] because the rights-of-way involved are not owned by the Borough.

Summary judgment motions are governed by provisions of Pa. R.C.P. No. 1035 which state, in pertinent part, as follows:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the

---

[2] The sidewalk exception provides, *inter alia:*

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . . .

(7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets *owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable. (Emphasis added.)
42 Pa. C. S. §8542(b)(7).

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

It has been firmly established that summary judgment may be entered by courts only where cases are free from doubt, and that courts must not try disputed issues of fact but must determine whether such issues, in fact, exist. Additionally, "all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). In passing on a motion for summary judgment the lower court must examine the record in the light most favorable to the non-moving party. *Hankin v. Mintz*, 276 Pa. Superior Ct. 538, 419 A.2d 588 (1980)." *Morgan v. Johns-Manville Corp.*, 354 Pa. Superior Ct. 58, 61, 511 A.2d 184, 186 (1986), citing *Wheeler v. Johns-Manville Corp.*, 342 Pa. Superior Ct. 473, 493 A.2d 120 (1985).

Plaintiffs argue that it was error for the court below to deny discovery on the issue of control of the sidewalk and to rely upon an affidavit of the Borough secretary that the sidewalk is not within the rights-of-way of streets owned by the Borough. Further, Plaintiffs argue that the Commonwealth has asserted no control or authority over the sidewalk in question, and that the Borough is secondarily liable as it maintains control of all streets including sidewalks within the Borough. Plaintiffs contend that the Borough Code grants the Borough certain powers and authority over streets within the Borough as well as easements for designated functions

by the Borough. While Sunbury Street is a state roadway, Plaintiffs contend that such fact does not prove that the Commonwealth owns and controls the entire rights-of-way including sidewalks, a factual determination which is disputed and requires further inquiry. The Borough argues that as owner of Sunbury Street, the Commonwealth therefore owns and controls the sidewalks.[3] While a cursory review of the record appears to support the trial court's action, a more careful reading lends support to Plaintiffs' position; namely, that the issues of ownership and control of the sidewalk are material facts in dispute in this case.

We hold that the court below erred as a matter of law in granting summary judgment to Defendant Borough and therefore remand this case for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 8th day of June, 1988, the order of the Court of Common Pleas of Schuylkill County granting summary judgment to Defendant Borough is reversed and the case is remanded to the trial court for proceedings consistent with this Court's opinion.

Jurisdiction relinquished.

---

[3] Defendant relied at oral argument upon the case of *Pritchard v. City of Pottsville*, 113 Pa. Commonwealth Ct. 38, 536 A.2d 844 (1988). *Pritchard* came before this Court on review of the trial court's granting of summary judgment. This Court's opinion affirmed that part of the common pleas court order granting defendant City of Pottsville's motion for summary judgment with respect to the sidewalk exception of the Act holding that the pleadings sufficiently proved that the City of Pottsville had no liability under the Act. However, the case was reversed and remanded for further proceedings with respect to the granting of summary judgment to defendant City of Pottsville under the street light exception. Accordingly, the result in *Pritchard* does not control the disposition of the matter *sub judice,* since here there exists a material issue of fact to be resolved by the trial court.