554 A.2d 593

John J. Grula, Jr., and Margaret Grula, Administrators of the Estate of John J. Grula, III, deceased, and John J. Grula, Jr. and Margaret Grula, in their own right, Appellants v. Commonwealth of Pennsylvania, Department of Transportation, Borough of Larksville et al., Appellees.

Submitted on briefs October 31, 1988, to Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John A. Bednarz, Jr.,* for appellants.

*Brian C. Corcoran, Hourigan, Kluger, Spohrer & Quinn, P.C.,* for appellee, Borough of Larksville.

OPINION BY JUDGE PALLADINO, February 16, 1989:

John J. Grula, Jr. and Margaret Grula (Appellants) appeal from an order of the Court of Common Pleas of Luzerne County granting the Borough of Larksville's

(Borough) motion for summary judgment and dismissing Appellants' action against the Borough. We affirm.

John J. Grula, III (Grula), Appellants' son, died from injuries he suffered when the motor vehicle he was driving left East Main Street and struck two utility poles. Appellants allege that Grula's automobile left the road as a result of traveling through a pool of water covering the roadway. East Main Street is a Commonwealth highway[1] located in the Borough. One of the two utility poles was the property of Bell Telephone Company of Pennsylvania (Bell); the other was the property of UGI Corporation (UGI). Appellants filed wrongful death and survival actions against the Pennsylvania Department of Transportation (DOT), the Borough, Bell and UGI.[2] In this case, we are concerned only with the action as it pertains to the Borough.

Appellants alleged that Grula's death "was caused by and was the direct result of the negligence" of the Borough. Appellants made 23 specific allegations of fact describing the Borough's negligence. These include allegations that the Borough failed to properly and adequately inspect, maintain and repair East Main Street and/or its drainage system. Additionally, Appellants averred that the Borough knew of the accumulated water and failed to notify DOT, warn motorists and control traffic in the area.

The Borough in its answer and new matter to Appellants' complaint, asserted that (1) because East Main Street was a Commonwealth highway, it owed no legal duty to Grula; and (2) it was immune from suit pursuant to 42 Pa. C. S. §§8541-8564. After a substantial amount of discovery, the Borough moved for summary

---

[1] Legislative Route 40132.

[2] Appellants initially named other defendants but subsequently filed an amended complaint naming only these four entities.

judgment on the bases that it owed Grula no duty and that governmental immunity protected it from liability.

The trial court held that the Borough "had no responsibility to repair or maintain the surface drainage of East Main Street, nor do we find that the Borough was under a duty to warn individuals of the alleged dangerous conditions existing on the roadway, or to regulate traffic consistent thereon," *Grula v. Department of Transportation* (No. 1565-C of 1984, filed January 5, 1988), slip op. at 6, and that Appellants' suit did not fall within the exceptions to governmental immunity in 42 Pa. C. S. §8542. The specific immunity exceptions considered by the trial court were 42 Pa. C. S. §8542(b)(4) (trees, traffic control and street lighting) and (b)(6) (streets) . The trial court granted the Borough's motion for summary judgment and dismissed Appellants' suit against the Borough.

On appeal to this court, Appellants concede that East Main Street is a Commonwealth highway and that their complaint does not state a cause of action which falls within the exception to immunity in 42 Pa. C. S. §8542(b)(6) (streets). Appellants' brief at 8, 14. Appellants contend that the Borough had a duty to control traffic on East Main Street because it knew there was a dangerous condition on the roadway (accumulated water) that created a foreseeable risk of the harm suffered by Grula. Appellants allege that the Borough breached this duty[3]

---

[3] Appellants reference the following allegations of negligence in their complaint, paragraph 26.

c. [The Borough] failed to fulfill its statutory duty to properly maintain the roadway in question;

. . . .

h. After having notice of said dangerous and defective condition, in failing to take corrective measures and/or failing to post appropriate warnings signs or devices;

. . . .

o. [The Borough] caused and/or allowed and/or permitted to exist on and adjacent to said roadway, a dangerous and

and that they have stated a cause of action against the Borough that falls within the exception to immunity found in 42 Pa. C. S. §8542(b)(4) (trees, traffic control and street lighting).

Our scope of review is limited to determining if the trial court committed an error of law or a manifest abuse of discretion in granting summary judgment. *Hall v. Acme Markets, Inc.*, 110 Pa. Commonwealth Ct. 199, 532 A.2d 894 (1987). A motion for summary judgment is properly granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* In making this determination, all well-pleaded facts in the complaint must be accepted as true. *Harding v. Galyias*, 117 Pa. Commonwealth Ct. 371, 544 A.2d 1060 (1988).

The legislature has provided that governmental agencies are immune to liability except in eight specific instances. 42 Pa. C. S. §§8541 and 8542. The legislature has provided that liability may be imposed in these eight exceptions if the alleged harm occurred as a result of the acts described in the eight exceptions and if two condi-

---

defective condition which caused [Appellants'] decedent to lose control of the vehicle which he was operating at or near the scene of the accident;

. . . .

q. The excessive water problem existed for a sufficient length of time so that [the Borough] knew or should have known in the exercise of reasonable care of its existence;

. . . .

s. In failing to close said roadway due to the unsafe nature of travel and in permitting persons to drive upon it in such a defective condition;

t. In failing to notify [DOT] of said defective condition when it knew or should have known for a sufficient length of time of this condition;

u. In failing to send an officer or officers to control traffic in the area of this condition.

tions are satisfied. 42 Pa. C. S. §8542(a). *See Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). These pre-conditions are (1) that damages would otherwise, *i.e.* except for immunity, be recoverable and (2) that the harm was caused by negligent acts of the agency or its employees, performed within the scope of their duties, *with respect to one of the eight exceptions.* 42 Pa. C. S. §8542(a)(1) and (2).

The trial court held that Appellants had failed to meet both of these threshold conditions. Essential to meeting the first pre-condition is the establishment of a duty owed by the Borough to Grula, and essential to meeting the second pre-condition are allegations of negligent action with respect to the exception found in 42 Pa. C. S. §8542(b)(4). For the reasons which follow, we conclude that Appellants have failed to allege negligent actions with respect to 42 Pa. C. S. §8542(b)(4) and, therefore, find it unnecessary to address the issue of whether the trial court committed an error of law in holding that the Borough owed no duty to Grula.

The exception to governmental immunity found at 42 Pa. C. S. §8542(b)(4) states:

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably

be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Appellants have alleged facts, which if true, would show that (1) the dangerous condition created a foreseeable risk of Grula's death, and (2) the Borough had notice of the dangerous condition in time to take measures to protect against the dangerous condition. The problem with Appellants' allegations is that they do not establish "a dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency."

Appellants have alleged that the "dangerous condition" was an "excessive water problem" on East Main Street and that the Borough's negligent acts were failure to notify DOT, failure to correct the condition, failure to warn motorists, and failure to control traffic in the area of the dangerous condition.[4] Even assuming that the Borough had a duty to take these actions, the negligent failure to do so is not action with respect to a dangerous condition of trees, traffic controls and street lighting. The alleged dangerous condition in this case, excessive water on East Main Street, does not fall within the purview of the exception to immunity in 42 Pa. C. S. §8542(b)(4).

Appellants argue that it was the lack of traffic control at the site of the excessive water which created the dangerous condition and that because the Borough had the authority to control traffic on East Main Street, the Borough's failure to do so constitutes negligent action which falls within 42 Pa. C. S. §8542(b)(4). In support of this argument, Appellants cite the opinion in support of

---

[4] Appellants' amended complaint, paragraph 26. *See infra* note 3 for the specific allegations relied on by Appellants to support their argument to this court.

reversal, authored by Justice LARSEN in *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988) (affirmance by equally divided court).

In *Mindala*, the Pennsylvania Supreme Court unanimously held that the West Cocalico Township Police had a duty to take action to correct a dangerous condition created by a missing stop sign of which they had knowledge. However, the court split on the issue of whether the alleged negligent actions of the police with respect to failing to correct the dangerous condition created by the missing stop sign fell within the ambit of 42 Pa. C. S. §8542(b)(4). Justice LARSEN opined that they did because the township had the power and authority "to regulate traffic and police the intersection *in the face of the missing sign." Id.* at 370, 543 A.2d at 530 (emphasis added).

The key to Justice LARSEN'S belief that Mindala's cause of action fell within 42 Pa. C. S. §8542(b)(4) was the fact that the dangerous condition, which actually caused the harm, was a missing traffic control device.[5] Here the dangerous condition alleged to have actually caused the harm was the excessive water on the road. The lack of traffic control at the site is not alleged to have caused Grula's car to leave the roadway, nor is it alleged to have created the pool of water which is alleged to have caused Grula's car to leave the road. Even under Justice LARSEN'S analysis, Appellants have failed to state a cause of action which falls within 42 Pa. C. S. §8542(b)(4).

Accordingly, we affirm.

---

[5] Justice ZAPPALA, in the opinion in support of affirmance in *Mindala*, stated that because the Township had no authority to install a stop sign, it was not within the "care, custody or control" of the township and therefore the alleged negligent failure to act to correct the dangerous situation did not fall within 42 Pa. C. S. §8542(b)(4). Justice LARSEN read 42 Pa. C. S. §8542(b)(4) as requiring the local agency to be in control of the dangerous condition, which he considered to be the missing stop sign.

## ORDER

AND NOW, February 16, 1989, the order of the Court of Common Pleas of Luzerne County in the above-captioned case is affirmed.