561 A.2d 74

**Mable Lee BRUCE, Appellant,**

v.

**Norman GADSON a/k/a Raachman Ali and City of Philadelphia and George A. Scott Realty, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1989.

Decided July 10, 1989.

John Devirgilis, Silver, Miller & Devirgilis, P.C., Philadelphia, for appellant.

Alan C. Ostrow, Asst. City Sol., Law Dept., City of Philadelphia, Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, Norma S. Weaver, Chief Deputy in Charge of Claims and Seymour Kurland, City Sol., Philadelphia, for City of Philadelphia.

Eugene F. Brazil, Fort Washington, for Norman Gadson a/k/a Rachman Ali.

Before CRAIG and COLINS, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Mable Lee Bruce appeals an order of the Court of Common Pleas of Philadelphia County granting a motion for summary judgment in favor of the City of Philadelphia. Bruce challenges the order, contending that the city is liable for her injuries resulting from a fall on a city sidewalk. Because the sidewalk exception in the Judicial Code, 42 Pa.C.S. § 8542(b)(7), does not apply, we affirm the trial court's order.

On April 2, 1983, while walking on the sidewalk at 3857 Lancaster Avenue, Bruce fell and fractured her right ankle. Bruce alleges that the sidewalk was in disrepair and the city is negligent for failing to maintain the sidewalk. Bruce brought a complaint joining the city with Norman Gadson, owner of the property at 3857 Lancaster Avenue and George A. Scott Realty, realtor for the property. After the trial court dismissed Bruce's action against the city, her appeal to the Superior Court was transferred to this court.

To waive governmental immunity, the sidewalk exception requires that the sidewalks be "within the rights-of-way of streets owned by the local agency...." 42 Pa.C.S. § 8542(b)(7). In *Pritchard v. City of Pottsville*, 113 Pa. Commonwealth Ct. 38, 536 A.2d 844 (1988), the city did not own either the street or the sidewalk because the sidewalk was adjacent to a state road and the sidewalk exception therefore did not apply. This court held that a mere possessory interest in the sidewalk was insufficient to expose the local agency to liability. *Id.* The sidewalk exception also provides that a local agency is secondarily liable for damages by its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons who are primarily liable. 42 Pa.C.S.

§ 8542(b)(7). Recovery is permitted against the local agency on the basis that the agency has neglected to perform its duty to require the property owners or tenants to maintain the sidewalk in a safe condition. *Wright v. Scranton*, 128 Pa.Superior Ct. 185, 194 A. 10 (1937).

Bruce contends that, although the sidewalk is not within the right-of-way of a city-owned street, summary judgment is improper because a material issue exists on whether the city exercised control over the sidewalk. Because the city may have control over the maintenance of the sidewalk, Bruce argues that the city should be secondarily liable for her injuries. The appellant contends that in *Kozura v. A & J Quality Shoppe*, 117 Pa.Commonwealth Ct. 9, 542 A.2d 637 (1988), this court considered not only ownership of the roadway, but also "control" of the right-of-way by the local agency, in reversing an order for summary judgment for the city.

In *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court held that the exceptions to governmental immunity in 42 Pa.C.S. § 8542(b) must be narrowly interpreted in accordance with the expressed legislative intent to protect political subdivisions from tort liability. The clear language of the sidewalk exception requires that the local agency own the sidewalk right-of-way. 42 Pa.C.S. § 8542(b)(7). Without ownership, the agency is neither primarily nor secondarily liable. In *Kozura*, control was a factor in determining ownership of the right-of-way because ownership was in dispute. This court did not consider the affidavit submitted by the local agency to be determinative of the Commonwealth's ownership of the right-of-way.

The present case is distinguishable because the fact that the sidewalk is not within the city's right-of-way is uncontested; the legislature designated Lancaster Avenue as a state highway, LR 67314. Section 202 of the State Highway Act of 1961, Act of September 18, 1961, P.L. 1389, *as amended*, 36 P.S. § 1758–202. Although control may be a consideration in determining whether the agency is primari-

ly or secondarily liable for a sidewalk within the right-of-way owned by the agency, control of the sidewalk is not an issue in this case. Because the city did not own the right-of-way, the city is immune from liability.

## ORDER

NOW, July 10, 1989, the order of the Court of Common Pleas of Philadelphia County, Civil Trial Division, May Term, 1984, at No. 4949, dated July 12, 1988, is affirmed.