## Mylett v. Adamsky

*Linda K. Caracappa,* for plaintiffs.
*James Daly,* for defendant Doylestown Township.

GARB, *P.J.,* July 3, 1990 — Plaintiffs have appealed to the Commonwealth Court from our order of May 7, 1990. By that order, we granted summary judgment in favor of defendant, Doylestown Township.

This is a death action. On the night in question, plaintiffs' decedent was a passenger in a motor vehicle operated by defendant, Adamsky. Adamsky and the decedent were proceeding on the Edison Furlong Road which is a thoroughfare containing two lanes. It was a dark, stormy night, and a tree had fallen completely across the roadway. The roadway was unlighted, and the vehicle collided with the tree. As a result, the decedent was killed.

The highway in question is a Pennsylvania State Highway. It is located within Doylestown Township. After the fall of the tree, and before the accident, Doylestown police officers had discovered the condition. They placed flares in the roadway to warn oncoming motorists of the danger. However, after having done so, they were called away on a criminal report and left the scene. While they were gone, the flares went out. They returned to the scene and rekindled the flares and then again left the scene. Pennsylvania Department of Highways had previously been advised of the condition in the roadway and had taken no action to correct it or to warn the traveling public. Thereafter, the accident occurred.

The foregoing facts are uncontested on this record. They are all the facts necessary to warrant our order.

A motion for summary judgment is properly granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894

(1987). In making this determination, all well pleaded facts in the non-moving party's pleading must be accepted as true. *Harding v. Galyias,* 117 Pa. Commw. 371, 544 A.2d 1060 (1988). See *Samarin v. GAF Corp.,* 391 Pa. Super. 340, 571 A.2d 398 (1989).

The Local Agency Tort Claims Act provides that except as specifically provided, no local agency shall be liable for any damages on account of any injury caused by any act of the local agency or an employee thereof. See the Act of October 5, 1980, P.L. 893, no. 142 §221(1), 42 Pa.C.S. §8541. This statute was enacted by the legislature in response to the abrogation by the Supreme Court of the previously judicially created doctrine of governmental immunity. See *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). This act legislatively created governmental immunity against any damages on account of any injury caused by any act of a local agency or employee thereof except as provided by the act. 42 Pa.C.S. §8542 sets forth the exceptions referred to in section 8541. The exceptions must be narrowly construed in view of the expressed legislative intent to insulate political subdivisions from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). Title 42 Pa.C.S. §8542 provides that a local agency shall be liable for damages on account of injury within the limits set forth therein if the damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under this act and the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in (b) of that section. The only possible exceptions

applicable to this case are exceptions (4) and (6). They provide in relevant part as follows:

"(4) *Trees, traffic controls and street lighting* — A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency. . .

"(6) *Streets* — A dangerous condition of streets owned by the local agency. . ."

We believe it is clear that the facts of this case do not activate the "streets" exception. That exception applies only to dangerous conditions of streets "owned by the local agency." This highway was a state highway and was not owned by the local agency. As such, the township had no responsibility or duty to maintain this highway, and cannot be held liable for injuries occurring as a result of negligent maintenance of it. See *Campbell v. Commonwealth of Pennsylvania, Department of Transportation,* 105 Pa. Commw. 494, 524 A.2d 1066 (1987). By analogy, the "sidewalks" exception provides for liability for injury resulting from a dangerous condition of sidewalks within the right of way of streets owned by the local agency. It was held in *Bruce v. Gadson,* 127 Pa. Commw. 159, 561 A.2d 74 (1989) that the city is neither primarily nor secondarily liable for injuries occurring as a result of a negligently maintained sidewalk within the right of way of a state highway and not owned by the local agency.

It is the contention of plaintiff, however, that the township assumed liability by virtue of the officers having set about to set flares in order to warn the public and having allegedly done so negligently. It is argued that defendant, township, thereby assumed custody and control of the highway. However, the court held in *Bruce v. Gadson, supra,* that

the alleged assumption of control is irrelevant under the sidewalk exception which we believe to be significantly indistinguishable from the streets exception, where it is established that the sidewalk is in the right of way of a state highway rather than the local agency. Here, clearly, the highway belongs to the commonwealth and not to the township. Therefore, any assumption of control by the local agency is irrelevant.

We are equally convinced that this cause of action does not fall within the "trees" exception. The tree in question was not "under the care, custody or control" of the township. It was not within the right of way of a township road nor was it situate upon township property. Where it had fallen, it had come to rest in a state highway and not on a township street or road. The township had no duty or obligation to do anything respecting this condition. That is not to say that the township officers should have ignored this situation and refrained from taking whatever reasonable actions were required to protect the public. In setting about to act, they may, conceivably, have acted negligently. However, the question is not whether or not they acted negligently, but rather whether their negligence relates to one of the specific exceptions, which must be narrowly construed, to the governmental immunity act. See *Grula v. Commonwealth of Pennsylvania, Department of Transportation,* 123 Pa. Commw. 458, 554 A.2d 593 (1989). At no time, and under no circumstances, did the township have any care, custody or control of this tree prior to the moment when the township police officers discovered the condition of it lying in the highway. We do not believe that their efforts to set out flares as a warning constitutes the assumption by the township of the care, custody and control of this tree as

those terms are used and intended by the legislature in this Act of Assembly. We believe that it was the intention of the legislature in creating this specific exception that there be liability where a local agency negligently maintains and permits a dangerous condition to prevail over trees, traffic signs, lights or other traffic controls, street lights or street lighting systems which are under the care, custody and control of the municipality. That condition did not exist in this case, and the police officers' efforts, appropriate or otherwise, to take some emergency protective actions, did not extend to the municipality the care, custody and control of this tree.

The foregoing explains the order from which this appeal has been taken.