Emalcom **RODRIQUEZ**, a minor by and through his mother and natural guardian, Madeline **RODRIQUEZ**, Appellant,

v.

**SCG MORTGAGE CORPORATION,** Suncoast Savings and Loan, Bankunited FSB and Barnett Bank, Safeguard Properties, Inc. and Joseph & Kim Majka.

Emalcom Rodriquez, a minor by and through his mother and natural guardian, Madeline Rodriquez, Appellant,

v.

Safeguard Properties, Inc., Joseph & Kim Majka, City of Philadelphia and the Department of Transportation of the Commonwealth of Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2004.
Decided Jan. 7, 2005.

---

**24.** Invoice # 2, in the amount of $14,696.89, was for Mr. McGettigan's services from No-      vember 13–December 20, 2003.

Martin Stanshine, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee, City of Philadelphia.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

This appeal comes to us on remand from the Supreme Court of Pennsylvania which granted the petition for allowance of appeal of Emalcom Rodriquez (Rodriquez), a minor by and through his mother and natural guardian, Madeline Rodriquez and vacated the March 6, 2001 order of our Court and remanded to us for consideration of the City of Philadelphia's (City) alternative claimed basis for summary judgment.

Rodriquez appealed from the order of the Court of Common Pleas of Philadelphia County (trial court) which granted summary judgment in favor of the City of Philadelphia.

On September 27, 1995, a five-year-old Rodriquez was riding his bicycle on the sidewalk in the 3200 block of Aramingo Avenue. Aramingo Avenue is a state highway, designated Legislative Route 67047, and was taken over by the Commonwealth in 1941. During his ride, Rodriquez' bicycle fell into a completely missing section of the sidewalk in front of 3226 Aramingo Avenue, throwing him over the handlebars and causing him to land on his head and chin. The accident caused Rodriquez to suffer serious injuries, including a permanent seizure condition. Rodriquez averred that the sidewalk had been in a state of disrepair for a long period of time prior to the accident.

The property adjacent to the sidewalk, 3226 Aramingo Avenue, had been owned by Joseph and Kim Majka. However, six weeks before the accident, the property was sold to SCG Mortgage (SCG) and Suncoast Savings and Loan (Suncoast) at a Sheriff's Sale. SCG was a subsidiary of Suncoast, BankUnited, and/or Barnett Bank. After the Sheriff's Sale, SCG hired Safeguard Properties (Safeguard) to inspect and maintain the property.

Rodriquez filed a complaint against SCG, Suncoast, BankUnited, Safeguard and Joseph and Kim Majka, along with the City. A settlement was ultimately worked out between Rodriquez and SCG, Suncoast, BankUnited and Safeguard.

The City subsequently filed a motion for summary judgment, arguing that it was immune from liability because Aramingo Avenue was a state highway and, therefore, the sidewalk exception to governmental immunity, Section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7), did not apply. The trial court granted the motion and entered judgment in favor of

the City. The trial court also dismissed the action against the Majkas without prejudice providing that, "[t]he plaintiff reserves the right to reinstate the claims against Joseph Majka and Kim Majka in the event that the PA Supreme Court overrules the Commonwealth Court's decision in *Sherman v. City of Philadelphia,* 745 A.2d 95 ( [Pa.Cmwlth.] 2000)." Trial Court Order, April 26, 2000. In that same order, Barnett Bank was dismissed with prejudice. Rodriquez appealed to our Court.

Before our Court, Rodriquez contended that the trial court erred in finding that the City was immune from suit under Section 8542(b)(7) of the Judicial Code. Rodriquez also stated that in the event our Court would find in favor of him on the immunity issue, that his settlement agreement with certain other defendants does not bar his recovery against the City.

The City raised a procedural argument stating that Rodriquez' appeal should be quashed because the Majkas were dismissed from the case without prejudice, rendering the order granting the City summary judgment interlocutory, not final, under Pa. R.A.P. 341.

Our Court found that the appealed order was a final order and then addressed the merits of the case. Our Court cited *Sherman* and *Bruce v. Gadson,* 127 Pa.Cmwlth. 159, 561 A.2d 74 (1989), in determining that the City was immune from suit, as the owners of 3226 Aramingo Avenue would be primarily liable for Rodriquez' injuries and the City would not be liable at all. Rodriquez appealed to the Pennsylvania Supreme Court.

The Supreme Court granted Rodriquez' petition for allowance of appeal and vacated our Court's order. The Supreme Court cited *Walker v. Eleby,* 577 Pa. 104, 842 A.2d 389 (2004), which held that a city was not immune from suit with regard to the lack of repair of a sidewalk adjacent to a state highway. Further, the Supreme Court remanded the matter back to our Court for consideration of the City's alternative claimed basis for summary judgment.

In the alternative, the City contends that the claim against the City for secondary liability concerning a sidewalk falldown involving private property is extinguished by the court-approved settlement of the claims against the parties who acquired the property at Sheriff's sale. The trial court found that the City was secondarily liable but did not make a finding on the issue of whether Rodriquez' claim was extinguished.

Rodriquez contends that the City was not entitled to summary judgment based upon its contention that Rodriquez had settled his case with all of the primarily responsible tortfeasors, when a genuine issue of fact still exists as to whether or not the released parties were, in fact, all of the primarily responsible tortfeasors.

Summary judgment may be granted in whole or in part, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...." Pa. R.C.P. No. 1035.2(1). The grant of summary judgment is proper where viewing all the facts in the light most favorable to the nonmoving party and resolving all doubts as to the existence of material fact against the moving party, the moving party is entitled to judgment as a matter of law. *Mayflower Square Condominium Ass'n v. KMALM, Inc.,* 724 A.2d 389 (Pa. Cmwlth.1999). Summary judgment may be granted, only where the moving party's right is clear and free from doubt. *Allen v. Mellinger,* 156 Pa.Cmwlth. 113, 625 A.2d

1326 (1993), *appeal denied*, 537 Pa. 653, 644 A.2d 738 (1994).[1]

What is commonly called the Political Subdivision Tort Claims Act (Act), 42 Pa. C.S. § 8542(b)(7), provides in pertinent part as follows:

When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

42 Pa.C.S. § 8542(b)(7).

In *Mamalis v. Atlas Van Lines, Inc.*, 522 Pa. 214, 560 A.2d 1380 (1989), our Supreme Court found that where there is a primarily responsible tortfeasor and a secondarily liable tortfeasor, release of the primary tortfeasor also acts as a release of the secondary tortfeasor. Our Court in *Burns v. Crossman*, 740 A.2d 773 (Pa. Cmwlth.1999), found that where a plaintiff had settled a sidewalk liability claim with the property owner, he had released the owner from any liability and thereby extinguished the claim against the secondary tortfeasor as well. The plaintiff was the primarily responsible tortfeasor.

In *Ratner v. Day by Day Enterprises, Inc.*, 110 Pa.Cmwlth. 253, 532 A.2d 68 (1987), *allocatur denied*, 518 Pa. 621, 541 A.2d 748(1988), our Court found that under Section 222(1) of the Act, that a city is secondarily liable to the property owners and to other primarily liable persons.

In the present controversy, Rodriquez released SCG, Suncoast, BankUnited, Barnett Bank and Safeguard. Rodriquez did not release Joseph and Kim Majka or the City. The question then becomes whether the parties that were released were the primarily responsible tortfeasors or whether the Majkas were. If the Majkas were, the City remains secondarily liable.

On August 7, 1995, SCG and Suncoast purchased the subject property at a Sheriff's Sale; however, the Majkas continued to occupy the premises until evicted on April 30, 1996. BankUnited was a successor corporation to Suncoast and Barnett Bank turned out to be an unrelated party in this matter. SCG and Suncoast did not record the deed until November 22, 1995.

Rodriguez argues that legal ownership of the property was not transferred to SCG and Suncoast until the date the deed was recorded which was ultimately after the accident; that the owner of record and prior mortgagor of the foreclosing lender remained in title until the deed was recorded.

Our Supreme Court in *Garrett v. Dewart*, 43 Pa. 342 (1862), held in pertinent part as follows:

It is true that it has been held that a bidder at a sheriff's sale, to whom the property has been struck down, has an inceptive interest in it which may be bound by the lien of a judgment, even before the acknowledgment of the sheriff's deed. Yet it by no means follows from this, that after he has obtained his deed his title relates to the date of his bid in any such sense as to divest from that time the ownership of the debtor whose land has been sold. Undoubtedly it does not. Until the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to the possession with all its

---

1. This Court's scope of review of the trial court's decision to grant or deny a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Wetzel v. City of Altoona*, 152 Pa.Cmwlth. 309, 618 A.2d 1219 (1992).

attendant advantages. Until then, the purchaser cannot move a step towards dispossessing the debtor or his tenant; and though he may have a possible or inceptive interest, like a purchaser by articles who has paid no money, he has acquired no title to the present enjoyment.

*Id.*, 43 Pa. at 349.

In the present controversy, there is a question of fact as to when the deed was delivered. Rodriquez alleged that the deed was acknowledged and delivered on August 7, 1995. SCG and Suncoast obtained title, ownership or possession of the property when the deed was acknowledged and delivered. The trial court opinion states that the deed was recorded on November 22, 1995. There is no indication of when the deed was delivered. The answer to this question is needed so that the trial court can determine who the primarily liable responsible tortfeasor(s) were and whether Rodriquez released any or all of the primarily responsible tortfeasor(s) and then thereby determine if the City is secondarily liable.

Accordingly, we must reverse the order of the trial court granting summary judgment to the City of Philadelphia and remand for further proceedings.

President Judge COLINS dissents.

### ORDER

AND NOW, this 7th day of January, 2005 the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter granting summary judgment to the City of Philadelphia is REVERSED and this matter is remanded for further proceedings.

Jurisdiction Relinquished.