531 A.2d 562

County of Allegheny, a Political Subdivision of the Commonwealth of Pennsylvania *v.* Livio Dominijanni and Commonwealth of Pennsylvania, Department of Transportation, et al. Livio Dominijanni, Appellant.

Bell Telephone Company of Pennsylvania *v.* Livio Dominijanni and Commonwealth of Pennsylvania, Department of Transportation, et al. Livio Dominijanni, Appellant.

Duquesne Light Company *v.* Livio Dominijanni and Commonwealth of Pennsylvania, Department of Transportation, et al. Livio Dominijanni, Appellant.

Argued May 18, 1987, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*J. Bradley Kearns*, with him, *Caren L. Mariani* and *Clyde T. MacVay, Evans, Ivory, Moses, Hollander & MacVay, P.C.*, for appellant, Livio Dominijanni.

*Paul A. Rich*, for appellee, The Bell Telephone Company of Pennsylvania.

*Michael N. Vaporis, Cauley, Conflenti & Latella*, for appellee, Duquesne Light Company.

*Michael J. Kearney, Jr., Weis & Weis*, for appellee, North Versailles Township Sanitary Authority.

OPINION BY JUDGE PALLADINO, September 22, 1987:

Livio Dominijanni (Appellant) appeals an order of the Allegheny County Court of Common Pleas sustaining the preliminary objection in the nature of a demurrer of the North Versailles Township Sanitary Authority (Authority) and dismissing the Authority as a party in these consolidated cases. We reverse.

On December 22, 1984, a landslide, originating on Appellant's property, deposited a large amount of dirt and debris onto Ice Plant Hill Road (owned and maintained by Allegheny County), buried a Bell Telephone Company of Pennsylvania manhole under 12-15 feet of material, and damaged property owned by Duquesne Light Company. Allegheny County, Bell Telephone and Duquesne Light filed complaints against Appellant alleging Appellant's negligence caused the landslide. These cases were consolidated for trial.

Appellant joined a number of additional defendants, one of which was the Authority. Appellant made the following averments concerning the Authority:[1]

13. The original defendant [Appellant] is informed and therefore avers that at all times relevant hereto, the additional defendant, the North Versailles Township Sanitary Authority, owned, installed and/or caused to be installed in the original defendant's property a transite sanitary sewer pipe running approximately along the boundary line between North Versailles Town-

---

[1] These are the averments as they appear in Appellant's complaint against the Authority filed in the Duquesne Light suit and in the amended complaint filed in the County of Allegheny and Bell Telephone suits. The paragraphs in the amended complaint are numbered 12 and 20 II.

ship and East McKeesport Borough. The original defendant further avers that the said pipe was found broken and running into the slope, thus allowing seepage to infiltrate the said slope as ground water.

23. The said injuries and damages upon which this action is based were caused solely by and were the direct and proximate result of the negligence, wantonness and recklessness and other culpable conduct of the additional defendants, jointly and/or severally, generally and in the following particulars:

. . .

II. **As to additional defendant, North Versailles Township Sanitary Authority**

a. In failing to install a proper and adequate sanitary sewer pipe.

b. In failing to install the sanitary sewer pipe on a solid base.

c. In failing to use select backfill around the said pipe in the course of its installation.

d. In failing to properly maintain and repair the said sewer pipe.

e. In failing to keep the said sewage pipe in proper and adequate condition thereby permitting sewage to escape the broken pipe and infiltrate the defendant's property as groundwater.

f. In unreasonably concentrating the amount of water entering the original defendant's property.

g. In failing to establish a right of way and/or easement through the original defendant's property for the installation of said sanitary sewer pipe, thereby becoming willful trespassers which deprives them of any protection afforded by any immunity act.

In response to this complaint, the Authority filed preliminary objections in the nature of a demurrer. The portions of the demurrer pertinent to this appeal state:

7. North Versailles Township Sanitary Authority is a municipal authority and, therefore, has the protection of the Political Subdivision Tort Claims Act of 1978, 42 Pa. C.S.A. Section 8541, *et seq*.

8. In relation to sewers, a local government agency is immune except where there is a dangerous condition of a sewer owned by a political subdivision located within the right-of-way.

The trial court sustained the Authority's demurrer on the basis that the Authority was immune to suit pursuant to 42 Pa. C. S. §8541[2] and Appellant appealed to this court.

Initially, we find it necessary to stress that Pa. R.C.P. No. 1030 requires the affirmative defense of immunity to be raised as new matter. However, if the defense of immunity is apparent on the face of the challenged pleading,[3] the defense of immunity will be considered on preliminary objection unless the opposing party challenges this procedure by filing preliminary objections to the preliminary objections. *McCreary v. City of Philadelphia*, 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986). No such objection has been made in the instant case.

---

[2] 42 Pa. C. S. §8541 provides:

**GOVERNMENTAL IMMUNITY GENERALLY**

Except as otherwise provided in this subchapter [42 Pa. C. S. §§8541-8564], no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

[3] The Authority is by definition a local agency, 1 Pa. C. S. §1991, and, therefore, entitled to the immunity of 42 Pa. C. S. §8541 unless the cause of action against it meets the requirements of 42 Pa. C. S. §8542.

In determining whether to sustain a preliminary objection in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *Bahian v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Id.*

The trial court determined that the Authority was immune from suit pursuant to 42 Pa. C. S. §8541 because Appellant had not averred facts which if true would permit him to recover under the utility service facilities exception to governmental immunity found at 42 Pa. C. S. §8542(b)(5). A local government agency may be held liable for property damage under the utility service facilities exception if its actions create:

A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa. C. S. §8542(b)(5). The trial court concluded that since Appellant pleaded that the Authority had failed to establish a right-of-way through his property, he could not, as a matter of law, satisfy the requirement of 42 Pa. C. S. §8542(b)(5) that the sewer pipe be "located within rights-of-way." We disagree.

A claim that a right-of-way has not been established does not mean that the sewer pipe in question is not "located within rights-of-way." A definition of the term "right-of-way" does not appear in the definitions included in the statute providing for sovereign and governmental immunity and the exceptions to it, *see* 42 Pa. C. S. §8501, and there is no case law interpreting its meaning in this context.

Black's Law Dictionary 1191 (5th ed. 1979) defines "right-of-way" as follows:

> Term 'right-of-way' sometimes is used to describe a right belonging to a party to pass over land of another, *but it is also used to describe the strip of land* upon which railroad companies construct their roadbed, and when so used, *the term refers to the land itself, not to the right of passage over it.* . . . (Emphasis added.)

Webster's Third New International Dictionary 1956 (1986) also defines "right-of-way" as "the land used by a public utility" as well as "a legal right of passage over another person's ground."

Appellant's averment that the Authority "failed to establish a right-of-way and/or easement" through his property is a statement that the Authority did not exercise the power granted to municipal authorities "to acquire, by purchase or eminent domain proceedings, either the fee or such right, title, interest or easement in such lands, water or water rights as the Authority may deem necessary for any purposes mentioned in this act. . . ." Section 11 of the Municipality Authorities Act of 1945, Act of May 2, 1945, *as amended,* 53 P.S. §314.

If the term "rights-of-way" in 42 Pa. C. S. §8542(b)(5) were to be interpreted to refer only to this legal right, it would permit local government agencies to avoid liability under the utility service facilities exception by failing, inadvertently or intentionally, to ob-

tain the legal right to use another's property. This would be an absurd and unreasonable result which the legislature is presumed not to intend. 1 Pa. C. S. §1922(1).

We conclude that the term "rights-of-way", as used by the legislature in the phrase "located within rights-of-ways", refers to the strip of land on which the local agency has constructed its utility service facilities, not to the exercise of its legal right to do so. Therefore, the trial court erred in sustaining the Authority's demurrer. That Appellant pleaded the Authority had not established a right-of-way over his property does not as a matter of law preclude recovery against the authority.

Accordingly, we reverse.

ORDER

AND NOW, September 22, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is reversed.