628 A.2d 1198

**Nick POULOS, Appellant,**

**v.**

**CITY OF PHILADELPHIA and Philadelphia Eagles Football Club, Inc. and Spectaguard, Inc. and John Doe, A Fictitious Person and ABC Corporation, a Fictitious Name.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided July 8, 1993.

Joel Wayne Garber, for appellant.

Marie C. Lasota, Asst. City Sol., for appellees.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Nick Poulos (Poulos) appeals from an Order of the Court of Common Pleas of Philadelphia which sustained the preliminary objections of the City of Philadelphia (City), dismissing Poulos' complaint against the City over an incident which occurred on November 12, 1989, at a Philadelphia Eagles football game at Veterans Stadium in Philadelphia. The trial court also dismissed the City from the case. Poulos, a spectator, alleged that he was severely beaten by an unknown group of individuals in full view of the stadium security guards. Poulos commenced suit on November 6, 1991, against the City, the Philadelphia Eagles, Spectaguard, and John Doe, a fictitious person, and ABC Corp., a fictitious corporation. Poulos alleged, *inter alia*, that the City, as owner, lessor, and operator of Veterans Stadium was negligent in its care, control and operation of the stadium.

The City filed preliminary objections to the complaint arguing that it was immune from suit by virtue of governmental

immunity.[1] The City stated that no defect "of" the property caused the injury, that such defect is necessary for Poulos to come within the real property exception to governmental immunity,[2] and that the City was not liable for the criminal acts of third parties.[3]

By order dated February 13, 1992, the trial court held that while Poulos had a common law cause of action against the City based on the Restatement of Torts (Second) § 365 and § 448 and *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977) (stating that a landowner can be liable for the intentional or negligent conduct of others where the condition of the owner's property would promote such conduct), no defect "of" the real estate itself caused the injury; rather it was caused by the acts of third parties, which did not fall under any exception to immunity. Accordingly, the trial court granted the City's preliminary objections, dismissed Poulos' complaint against the City, and dismissed the City from the case. This appeal followed.[4]

The issue for our review is whether the real estate exception to governmental immunity is applicable where a plaintiff is injured by third parties on premises owned by a

**1.** 42 Pa.C.S. § 8541.

**2.** 42 Pa.C.S. § 8542(b) provides in relevant part, that:

> The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (3) **Real Property.**—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

**3.** 42 Pa.C.S. § 8541 provides in relevant part, that:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employe thereof or any other person.

**4.** We note that because Poulos initiated his suit prior to July 6, 1992, the effective date of the most recent amendments to Rule 341 of the Pennsylvania Rules of Appellate Procedure, the trial court's order dismissing his complaint only against the City is a final order appealable as of right.

local agency as the result of the agency's negligent supervision of the premises. The issue is a pure question of law. We have long held that:

> When considering preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material facts in the complaint as well as all reasonable inferences that may be drawn from those facts.... Preliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt that the law will not permit recovery by the plaintiff.

*Capital City Lodge 12 v. Harrisburg,* 138 Pa.Commonwealth Ct. 475, 480, 588 A.2d 584, 586–87 (citations omitted), *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 159 (1991). In reviewing this issue, we are required by the legislature's intent to insulate the Commonwealth and its political subdivisions from liability to interpret the exceptions to sovereign and governmental immunity narrowly. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

■ On appeal, Poulos contends that the trial court erred in granting the City's preliminary objections, because: (1) a special relationship existed between himself and the City where the City was acting in its proprietary capacity at the time of his injury, (2) he was entitled to discovery to explore whether the City waived its immunity in its lease of the stadium or undertook a particular responsibility to provide protection to him, and (3) he was entitled to amend his complaint in order to better state his cause of action.

With regard to Poulos' first argument, such a distinction between governmental and proprietary functions, even as applied to local government units, was an oft-criticized legal fiction used by the courts to determine whether or not the governmental agency was shielded from liability *prior to* the judicial abolition of governmental immunity. In *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), with the abolition of common law governmental immunity, the need for such a test was vitiated.

In describing this "function test," the Superior Court in *Northampton County Area Community College v. Dow Chemical*, 389 Pa. Superior Ct. 11, 566 A.2d 591 (1989), *affirmed per curiam*, 528 Pa. 502, 598 A.2d 1288 (1991), states:

The trial court applied a traditional test for whether a governmental entity can claim governmental immunity, whether the controversy arose by virtue of a governmental or by virtue of a proprietary action by the entity.... However, we conclude that statute and case law in this Commonwealth have rejected a 'governmental vs. proprietary function' test [1] and, most significantly, such tests have been rendered obsolete by the recent legislative definitions and classifications of Commonwealth parties.

*Id.* at 21, 566 A.2d at 595–96.

Footnote 1 in the above quote explains further:

Determining when an entity is enforcing public rights and obligations has always been a source of difficulty; the efficacy of one of the traditional analyses used, whether an entity is performing a proprietary or governmental function, has been all but discredited. *See Ayala, supra;* '[The distinction] has caused confusion not only among the various jurisdictions but almost always within each jurisdiction. (citation omitted)....'

*Id.* at 21 n. 1, 566 A.2d at 595 n. 1. Succinctly stated, our Superior Court in *Northampton* completely eschewed the "function test" and stated that it was "obsolete." Poulos' "special relationship" argument must therefore fail.

■■■ Poulos argues that the real estate exception under 42 Pa.C.S. § 8542(b)(3) imposes liability for negligence even where there is no special relationship and the government-owned property is merely unsafe for the activities for which it is regularly used, intended or foreseen to be used. However, for the real estate exception to sovereign immunity to apply, the dangerous condition of the property itself must cause the injury and "must derive, originate from, or have as its source the Commonwealth realty." *Snyder v. Harmon*, 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). The exception will not apply

where the injury is merely "facilitated" by the dangerous condition of the real estate and not caused by the dangerous condition of the real estate itself. *Mascaro; Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993) (active fault that has a direct nexus to the plaintiff is required to impose liability). Poulos' argument that the City-owned Veterans stadium falls within the real estate exception to governmental immunity merely because it was unsafe for the activity for which it was being used, and facilitated Poulos' injury, must be rejected. *Mascaro; City of Philadelphia v. Buck*, 138 Pa.Commonwealth Ct. 250, 587 A.2d 875 (1991), *petition for allowance of appeal denied*, 528 Pa. 618, 596 A.2d 801 (1991) (city not liable to spectator at a roller hockey game at a city-owned facility where spectator was intentionally injured by a participant in the game); *but see Bendas v. White Deer Township*, 531 Pa. 180, 611 A.2d 1184 (1992).

 Poulos next argues that he should have had the opportunity to take discovery to determine whether the City waived its governmental immunity. However, our Supreme Court has held that the defense of immunity is "non-waivable." *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 594 n. 6, 606 A.2d 427, 429 n. 6 (1992) (explaining that contradictory language appearing in a related case was dicta). Poulos' argument therefore fails.

 Poulos also contends that he should be permitted to take discovery because the City could have undertaken a particular responsibility to protect him from injury, which would be an exception to sovereign immunity. However such a relationship can only exist between an individual and the police where the police: (1) are aware of the individual's particular situation, (2) have knowledge of the particular harm suffered by the individual, and (3) voluntarily assume to protect the individual from that particular harm. *Thomas v. City of Philadelphia*, 133 Pa.Commonwealth Ct. 121, 574 A.2d 1205, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990). Poulos has not pled any of these necessary

elements and does not allege that the City police were in any way involved, so he cannot prevail on this argument.

Poulos finally argues that he should have been allowed to amend his pleadings "since the lower court did not place on the record its reasons for the dismissal ... Plaintiff does not know if the preliminary objections were granted due to some inadequacy in his pleadings." But Poulos fails to identify how he will amend his complaint and on what additional theory he will, or could, assert a cause of action limited as it is to the facts as he pled them.

Based on the foregoing discussion, we affirm the order of the trial court dismissing Poulos' complaint against the City.

## ORDER

NOW, July 8, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.