David M. GRAY, Jr., Appellant,

v.

Paul H. LOGUE and Nancy Logue, trading and doing business as Farmers Hardware and Bedford Borough, a municipal corporation, and Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 1994.

Decided Jan. 9, 1995.

Michael T. Collis, for appellant.

Louis C. Long, for appellee, Borough of Bedford.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and NEWMAN, JJ.

DOYLE, Judge.

David M. Gray, Jr. appeals an order of the Court of Common Pleas of Bedford County, which granted summary judgment to Bedford Borough.

Gray was walking on a sidewalk in Bedford Borough when he tripped and fell over a protruding piece of metal pipe and sustained injuries to his chin, both wrists, right elbow, and left knee. He fell in front of a business, Farmer's Hardware, located at 142 East Pitt Street, which was owned by Paul and Nancy Logue. Thereafter, Gray filed a lawsuit against the Logues and the Borough, alleging that both the Logues and the Borough had a sufficient ownership interest in the sidewalk to hold them liable for his injuries. The Logues and the Borough filed answers to Gray's complaint and the Borough asserted in new matter that it was immune from suit under Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. § 8541 and § 8542 (pertaining to governmental immunity). The Borough also joined the Pennsylvania Department of Transportation (DOT) as an additional defendant.

The Borough filed a motion for summary judgment advancing the immunity grounds. Gray challenged the Borough's motion asserting that questions of material fact existed concerning whether the Borough was liable under the sidewalk exception, Section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7), and the real estate exception to governmental immunity, Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3). The trial court did not address whether the real estate exception applied in this case; however, with regard to the sidewalk exception, the trial court determined that there were no outstanding questions of material fact and held, as a matter of law, that the sidewalk exception was inapplicable. The trial court determined that East Pitt Street and the adjoining sidewalk were owned by DOT, and, because the sidewalk was not within the right-of-way of a street owned by the Borough, the sidewalk exception could not, as a matter of law, be used to impose liability on the Borough. The trial court, therefore, granted the Borough's motion for summary judgment and this appeal followed.

Gray contends that the trial court erred in granting the Borough's motion for summary judgment for the following reasons: (1) The Borough is liable under the sidewalk exception to governmental immunity, because the

Borough has a right-of-way over the sidewalk where he fell; and (2) the Borough is liable under the real estate exception to governmental immunity, because metal pipe protruding from the sidewalk is real estate.

■ Our scope of review of an order granting a motion for summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Peterson v. Philadelphia Housing Authority,* 154 Pa.Commonwealth Ct. 309, 623 A.2d 904 (1993). A court reviewing an order granting summary judgment must read the record in the light most favorable to the nonmoving party and resolve all doubt against the movant. *J.R.W., Inc. v. Manchester Borough Council,* 148 Pa.Commonwealth Ct. 238, 610 A.2d 1078 (1992).[1]

■ Section 8542(a) of the Code, 42 Pa. C.S. § 8542(a), states that a local agency may be held liable for damages inflicted on a person or property if the injured party demonstrates both of the following: (1) That damages could have been recovered at common law or under a statute creating a cause of action if the injury were caused by a person not entitled to assert the defense of governmental immunity, and (2) that the injury falls into one of the exceptions to governmental immunity listed in Section 8542(b) of the Code, 42 Pa.C.S. § 8542(b). The exceptions to governmental immunity in Section 8542(b) of the Code must be narrowly construed in accordance with our Legislature's intent to protect local agencies from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

■ Regarding the sidewalk exception to governmental immunity, Gray argues that, while DOT admits at trial that it, and not the

Borough, owned the street, the Borough is nevertheless liable under the sidewalk exception, since the Borough has a right of way over the sidewalk. According to Gray, the Borough's right of way is an "easement" which was created by certain ordinances enacted by the Borough[2] and by certain state statutes[3] which give the Borough the authority to repair and maintain the sidewalk.

The sidewalk exception, Section 8542(b)(7) of the Code, reads as follows:

> **Sidewalks.**—*A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.... (Emphasis added.)

Because of the plain meaning of Section 8542(b)(7) this Court has held that a local agency is immune from suit under the sidewalk exception, unless the sidewalk is within a right-of-way of a street owned by that local agency. *Lyons v. City of Philadelphia,* 159 Pa.Commonwealth Ct. 107, 632 A.2d 1006 (1993); *Bruce v. Gadson,* 127 Pa.Commonwealth Ct. 159, 561 A.2d 74 (1989); *Pritchard v. City of Pottsville,* 113 Pa.Commonwealth Ct. 38, 536 A.2d 844 (1988).

In *Pritchard,* an estate brought a wrongful death suit against the City of Pottsville for the death of the decedent whose body was discovered at the bottom of an embankment alongside a state-owned highway. The es-

---

1. Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035. A fact is "material" if it has a direct effect on the disposition of a case. *Allen v. Colautti,* 53 Pa.Commonwealth Ct. 392, 417 A.2d 1303 (1980). Summary judgment should only be granted in cases which are clear and free from doubt. *Peterson.*

2. Sections 55 and 82 of the Bedford Borough Ordinances, Chapter XXI, Streets and Sidewalks, gives the Borough the authority to repair side-

walks and to remove snow and ice from sidewalks.

3. Gray points to Sections 1801–1806 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 46801–46806, which give Boroughs the authority to layout and repair sidewalks. Also he cites to Section 6109 of the Vehicle Code, 75 Pa.C.S. § 6109, which gives local governments the authority to exercise police power over streets within their boundaries.

tate filed suit against the City alleging that the decedent died because the City was negligent in maintaining the sidewalk which ran parallel to highway. The trial court dismissed the estate's claim because the City did not own the street or the sidewalk. On appeal, we affirmed holding that the sidewalk exception, Section 8542(b)(7) of the Code, expressly required ownership of the right-of-way by the local agency, and because the City did not own either the street or the sidewalk, the trial court correctly dismissed the estate's complaint.

Further, in *Bruce* the plaintiff was injured when she fell and injured herself on a defective sidewalk in the City of Philadelphia and filed suit against the City and the owner of the property adjacent to the sidewalk. The street alongside the sidewalk, Lancaster Avenue, was owned by the Commonwealth. The City filed a motion for summary judgment asserting that it was immune from suit, which the trial court granted. On appeal, we held that, because the sidewalk was within the right-of-way of Lancaster Avenue, which was owned by the Commonwealth, the City was immune from suit.

In *Lyons*, a pedestrian filed suit against the City of Philadelphia for injuries she sustained when she fell into a hole in the sidewalk along Bustleton Avenue, a highway owned by the Commonwealth. The trial court granted the City summary judgment and the Plaintiff appealed. We affirmed, following *Bruce*, holding that the City was immune from liability under the sidewalk exception, because Bustleton Avenue was a state owned highway.

In the present case, it is undisputed that DOT owns East Pitt Street and that the sidewalk falls within DOT's right of way. Therefore, because the sidewalk is not within a right-of-way of a street owned by the Borough, the trial court correctly determined that the Borough cannot be held liable for Gray's injuries under the sidewalk exception to governmental immunity. Section 8542(b)(7) of the Code; *Lyons; Bruce; Pritchard.*

Gray incorrectly argues that the Borough can be held liable under the sidewalk exception because it has the right under certain statutes and ordinances to enter upon the sidewalk and make repairs. Section 8542(b)(7) of the Code, however, expressly requires that the local agency *own* the sidewalk before liability may attach. We specifically concluded in *Bruce* that, where a local agency has only a possessory interest in a sidewalk or has control over the maintenance of a sidewalk, an action cannot be maintained against the local agency, because the sidewalk exception requires that the local agency *own* the right-of-way. *Pritchard; see also Phillips v. City of Philadelphia,* 148 Pa.Commonwealth Ct. 175, 610 A.2d 509 (1992) (a statutory duty of local agency to maintain a state-owned street, by itself, was insufficient to satisfy the streets exception to governmental immunity). Moreover, even assuming that the statutes and ordinances cited by Gray constitute an easement granting the Borough a right-of-way over the sidewalk, an easement is not the equivalent of owning the land. An easement is merely "a liberty, privilege, or advantage which one may have in the lands of another ... [which] *cannot be an estate or interest in the land itself, or a right to any part of it." Coffin v. Old Orchard Development Corp.,* 408 Pa. 487, 494, 186 A.2d 906, 910 (1962) (emphasis in the original), quoting *Clements v. Sannuti,* 356 Pa. 63, 65, 51 A.2d 697, 698 (1947). Hence, a local agency's easement over a sidewalk is insufficient to satisfy the ownership requirement of Section 8542(b)(7).

■ Next, Gray contends that the Borough is liable for his injuries under the real estate exception to governmental immunity. The real estate exception, Section 8542(b)(3) of the Code, provides as follows:

*Real Property.*—The care, custody or control of real property in the possession of the local agency.... *As used in this paragraph, 'real property' shall not include:*

. . . .

(iv) *sidewalks.*

(Emphasis added.)

In order to state a claim under the real property exception, Gray must show that the Borough's care, custody, or control of real property in its possession resulted in a dan-

gerous condition of real property and that the real property caused his injury. *Poulos v. City of Philadelphia*, 156 Pa.Commonwealth Ct. 648, 628 A.2d 1198 (1993).

Specifically, Gray argues that the pipe which caused his fall was a fixture installed in the sidewalk by the Borough and that the pipe itself constituted real property within the care, custody, and control of the Borough. Further, Gray asserts that there are outstanding questions of material fact surrounding that issue which precluded the trial court from granting the Borough's motion for summary judgment. We disagree.

The real estate exception explicitly states that, for purposes of that exception, sidewalks are not real estate. Section 8542(b)(3)(iv) of the Code. Gray's argument that the pipe can be characterized as realty, separate and distinct from the sidewalk, is unavailing since it is undisputed that the pipe *is* within the sidewalk right-of-way, and, assuming the pipe is a fixture, the pipe is attached to the sidewalk. Simply stated, the pipe cannot be a fixture without being part of the sidewalk. Therefore, because sidewalks are not real estate under Section 8542(b)(3)(iv) of the Code, we hold that as a matter of law the real estate exception to governmental immunity is inapplicable in this case.

Accordingly, the trial court's order is affirmed.

### ORDER

NOW, January 9, 1995, the order of the Court of Common Pleas of Bedford County in the above-captioned matter is hereby affirmed.

PELLEGRINI, J., files a dissenting opinion and McGINLEY and FRIEDMAN, JJ., join in this dissent.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I believe that the majority misperceives the nature of the obligation placed on a municipality to insure the safety of pedestrians on sidewalks by insuring that they are safe for pedestrian traffic.

I also believe the majority erred in finding that a pipe imbedded in the ground is not a fixture.

Gray was injured when he tripped over the remnant of a pipe protruding from the sidewalk along East Pitt Street within the Borough of Bedford in front of Farmers Hardware which is owned by the Logues. East Pitt Street (Route 30) was a state highway which had been taken over by the Commonwealth.[1] Within days of the accident, agents of the Borough removed and disposed of the pipe remnant. During the course of discovery, the Commonwealth admitted that it owned East Pitt Street. It also made the following admissions:

> Request No. 3—Admit that the area of the sidewalk where Plaintiff allegedly fell falls within the right of way of streets owned and/or under the control of the Commonwealth of Pennsylvania.
>
> Response: Admitted....
>
> Request No. 4—Admit that you have no evidence that the subject sidewalk in the area of Plaintiff's alleged fall is owned by Bedford Borough and/or located within the right of way of a street owned and/or under the control of Bedford Borough.
>
> Response: Denied in part. After reasonable investigation at this stage of the case, PennDOT does not have sufficient knowledge or information to admit or deny whether Bedford Borough has an ownership interest in the subject sidewalk, although it is admitted that PennDOT has no evidence of either ownership or to the contrary at this time. It is denied that PennDOT has no evidence that the subject sidewalk is located within the right of way of a street under the control of Bedford Borough. By way of further answer, evidence of Bedford Borough's control is found in the Vehicle Code, 75 Pa.C.S. § 6109.

(R.R. 38a). Based upon these admissions, the trial court ruled that the sidewalk exception did not apply because it was established that the Commonwealth owned both East Pitt Street and a right-of-way over the sidewalk.

1. See Act of May 31, 1911, P.L. 468, § 6, *as amended*, 36 P.S. §§ 1001, 1091.

The sidewalk exception to governmental immunity applies when an injury is caused by:

> *A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition.... *When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.* (Emphasis added.)

42 Pa.C.S. § 8542(b)(7). The majority interprets the sidewalk exception to apply only when the street adjoining a sidewalk is owned by the municipality and concludes that because East Pitt Street was taken over by the Commonwealth, the Borough cannot be held liable. I disagree with the majority for several reasons.

It is the traditional duty of a municipality to see that sidewalks are safe. As was stated in *Koerth v. Borough of Turtle Creek,* 355 Pa. 121, 123, 49 A.2d 398, 399–400 (1946):

> It is, of course, the duty of a municipality to maintain its sidewalks in a reasonably safe condition, or, rather, when it has reasonable notice express or implied of a defective condition, to see that the property owner performs his duty to make the necessary repairs, the duty of the latter being primary and absolute, that of the municipality secondary and supplemental.

Enabling municipalities to carry out this duty, the General Municipal Law [2] gives all municipalities in the Commonwealth the power to require property owners to construct and maintain sidewalks. *See also* 53 P.S. §§ 46801–46806 (specifically, authorizing boroughs to require property owners to construct and maintain sidewalks). The Borough, in turn, has passed an ordinance at Chapter XXI requiring all property owners within the Borough to repair their sidewalks. (R.R. 509a–518a). Consistent with this view, in *Pritchard v. City of Pottsville,* 113 Pa.Commonwealth Ct. 38, 536 A.2d 844 (1988), we held that the exception applies to sidewalks in which the municipality has a right-of-way regardless of who owns the cartway. Unlike municipalities, the Commonwealth has no interest in the safety of sidewalks because its governmental obligation is to see that people are able to travel from town to town and city to city within the Commonwealth rather than the safety of pedestrian traffic within the confines of particular municipalities.

Ignoring that it is the traditional obligation of municipalities and not the Commonwealth to see that sidewalks are made safe for pedestrian traffic, the majority adopts a textualist approach holding that because the sidewalk exception requires that the "sidewalks be within the right-of-way of streets owned by the local agency," the "plain meaning" of these words is that if the street is owned by another governmental entity, then the sidewalk exception does not apply. While that approach is certainly appropriate, the correctness of the majority holding is dependent on what it finds to be the "plain meaning" to be also the "real" meaning of the word.

At the core of the majority's opinion, "plain meaning" is what it considers the "street." It mistakenly assumes that the term "street" as used in 42 Pa.C.S. § 8542(b)(7) only means that portion of the right-of-way over which vehicles travel. However, the term "street" encompasses two distinct portions; the cartway for vehicles and the sidewalk for pedestrians. *Mercantile Library Co. v. Fidelity Trust Co.,* 235 Pa. 5, 83 A. 592 (1912). When the Commonwealth takes ownership of a "street," it takes ownership of the cartway as a matter of law. *See, e.g.,* 36 P.S. § 1758–103 (limiting liability of Commonwealth to maintain certain designated state highways only to that portion available to vehicular traffic). However, the same is not true for sidewalks. Even when the Commonwealth takes over the cartway of a street and designates it a

---

2. Act of May 16, 1891, P.L. 75, § 11, *as amended,*     53 P.S. § 1891.

state highway, a municipality normally retains control of a portion of the "street" right-of-way known as the sidewalk. *Kozura v. A & J Quality Shoppe,* 117 Pa.Commonwealth Ct. 9, 542 A.2d 637 (1988).

In its response to the Borough's request for admissions, the Commonwealth specifically stated that it could not deny that there is evidence that the Borough has a right-of-way in the sidewalk, i.e., an interest in the street right-of-way. (R.R. 38a). From the Commonwealth's admissions alone then, it is insufficient as a matter of law to conclude that the Borough has no right-of-way over the sidewalk portion of the street right-of-way. Because the facts are not undisputed, I believe summary judgment should not be have been granted as to the sidewalk exception.

I also disagree with the majority that the "real property" exception does not apply. 42 Pa.C.S. § 8542(b)(3) provides:

> Real Property.—The care, custody or control of real property in the possession of the local agency.... As used in this paragraph, real property shall not include:
>
> (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
>
> (ii) facilities of steam, sewer, water gas and electric systems owned by the local agency and located within the rights-of way;
>
> (iii) streets; or
>
> (iv) sidewalks.

Because the exception says that a sidewalk is not real property, the majority finds that "the pipe cannot be a fixture without being part of the sidewalk" and holds that "the real estate exception to governmental immunity is inapplicable in this case." Again, it follows a textualist approach, but this time, the approach is dependent on whether using the real property exception is applicable to determining whether something is a fixture.

No language in the real property exception indicates that it has any application in determining whether an item is a fixture or not. By denominating subsections (i) through (iv), not to be "real property" as used in the "[real property exception]," the General Assembly did not mean to enunciate a new principle of real property law but only to make clear that there were other provisions specifically dealing with those exception in 42 Pa.C.S. 8542 and the real property exception did not apply.

Under traditional principles of real property law, a pipe embedded in concrete in land, be it in or through a sidewalk into the dirt, is a fixture and real property. To hold otherwise and to adopt the majority's position that a pipe embedded in concrete can only be removed by a jackhammer is not real estate because property has to be either real or personal inescapably leads to the absurd result that it must be personality. Because I believe that the pipe embedded in concrete is a fixture and real property, it falls within the real property exception to immunity.

Accordingly, I dissent.

McGINLEY and FRIEDMAN, JJ., join in this dissent.