**Carol WHITE, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1997.

Decided April 30, 1998.

Adrian J. Moody, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

SMITH, Judge.

Carol White appeals from the order of the Court of Common Pleas of Philadelphia County granting judgment on the pleadings in favor of the defendant City of Philadelphia in White's action to recover for injuries she suffered when she allegedly tripped on a defect in a sidewalk adjacent to City-owned property. White questions whether the trial court erred in granting judgment on the pleadings where there were material facts in dispute and whether the trial court erred in taking judicial notice of a fact that was not incontestable.

White's complaint alleged that she was walking on the sidewalk of the City of Philadelphia Visitors Center, located at or near the intersection of 16th Street and John F. Kennedy Boulevard, when she was caused to fall by a defective condition of the sidewalk, resulting in a fracture of her right ankle, among other injuries. She alleged that the City had a duty "to properly maintain the street in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for pedestrians travelling thereon, including the plaintiff." Complaint, ¶ 7.

The City's answer denied all material allegations. In new matter the City raised the defense of governmental immunity pursuant to Sections 8541—8564 of the Judicial Code, 42 Pa.C.S. §§ 8541—8564, contending that White's allegations did not fall within any of the exceptions found in Section 8542(b) to the general grant of immunity for local agencies provided by Section 8541.

The City filed its motion for judgment on the pleadings asserting that both 16th Street and John F. Kennedy Boulevard are state highways. Exhibit C to that motion included a list of state roads within the City, indicating that these two roads were designated as state roadways pursuant to the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §§ 670-101—670-1102. The trial court's opinion stated simply that the City may be held liable under the exception to governmental immunity provided in Section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7), only for injuries caused by dangerous conditions of sidewalks within rights-of-way owned by the local agency and that it was not disputed that the area where White fell is situated between two state highways.

## I

White first argues that the trial court erred in granting the City's motion because disputes remained as to material facts.[1] One such dispute was whether she was caused to fall by a defect of the sidewalk itself, so as to bring her claim within the terms of Section 8542(b)(7). The other was whether the City was responsible for the negligent care and maintenance of the sidewalk surrounding the Visitors Center even though the Commonwealth owned the highway. White cites *Martin v. Sun Pipe Line Co.*, 542 Pa. 281, 666 A.2d 637 (1995), for the principle that summary judgment should be granted only when it is clear from the pleadings and all of the evidence that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Martin* was decided under former Pa. R.C.P.

No. 1035, which was rescinded and replaced by the new Pa. R.C.P. Nos. 1035.1 through 1035.5, effective July 1, 1996. The basic standard under the former Rule has not changed. *See* Rule 1035.2.

As to whether there remained a factual question concerning whether White's injury was caused by a defect of the sidewalk, the Court notes that a motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations of fact are accepted as true for purposes of the motion, and only those allegations specifically admitted may be considered against that party. *Pennsylvania State Ass'n of Township Supervisors v. Department of General Services*, 666 A.2d 1153 (Pa.Cmwlth.1995), *aff'd per curiam*, 547 Pa. 160, 689 A.2d 224 (1997). The trial court's ruling assumed that White would be able to prove her allegation concerning a defect of the sidewalk. However, the trial court granted judgment against White because the pleadings had established that the sidewalk in question was between two State highways, and the trial court concluded that the Section 8542(b)(7) exception therefore did not apply.

As for the second point, Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a), provides that a local agency shall be liable for damages on account of injury to person or property where a plaintiff states a cause of action for which (1) damages would be recoverable from a defendant not having available the defense of governmental or official immunity and (2) the injury was caused by the negligent act of a local agency or its employee acting within the scope of his or her duties, and the claim falls within one of the exceptions to immunity enumerated in subsection (b). The "sidewalks exception" in subsection (b)(7) provides:

> (7) *Sidewalks.*—A dangerous condition of sidewalks within rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury that was incurred and that the local agency had

---

1. This Court's review of an order granting judgment on the pleadings is limited to determining whether the trial court committed an error of

law or abused its discretion. *Felli v. Commonwealth, Department of Transportation,* 666 A.2d 775 (Pa.Cmwlth.1995).

actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

White argues that her claim is based on an assertion that the City had the *responsibility* to maintain the sidewalk next to the Philadelphia Visitors Center in a safe condition, not any assertions as to whether the City owned the street. The City responds with citation to *Gray v. Logue,* 654 A.2d 109 (Pa.Cmwlth.), *appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995), and certain of its predecessors, which hold in general that when a street has been designated as a State highway, then the street is not owned by the municipality and Section 8542(b)(7) does not apply. The municipality involved in *Gray* was Bedford Borough, and the Department of Transportation (DOT) admitted at trial that it, not the Borough, owned the street adjacent to the sidewalk that was involved. In the present case, arising in the City of Philadelphia, it is incumbent upon the Court to consider statutory law applicable to the designation of roads as State highways in cities of the first class as well as the intent of the legislature in regard to governmental and sovereign immunity in order to decide the question of the applicability of the sidewalks exception.

## II

The legislature enacted both of the present statutes providing for sovereign immunity and its exceptions (Sections 8521 and 8522 of the Judicial Code, 42 Pa.C.S. §§ 8521 and 8522) and for governmental immunity and its exceptions in Section 221(*l*) of the Act of October 5, 1980, P.L. 693. Section 8522(b)(4) provides an exception to sovereign immunity for "[a] dangerous condition of Commonwealth agency real estate and sidewalks, including ... highways under the jurisdiction

of a Commonwealth agency," thereby plainly indicating that the legislature intended to waive immunity for injuries caused by dangerous conditions of the Commonwealth's sidewalks. *Fidanza v. Department of Transportation,* 655 A.2d 1076, (Pa.Cmwlth.), *appeal denied,* 542 Pa. 677, 668 A.2d 1138 (1995). There is also no question that the legislature intended to waive immunity for injuries caused by a defective condition of a municipality's streets, Section 8542(b)(6), 42 Pa.C.S. § 8542(b)(6), or of its sidewalks, Section 8542(b)(7). *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995). The legislature's scheme, therefore, is complete— it provides for waivers of immunity, under specifically prescribed terms, for all state and local streets and sidewalks.

Certain of this Court's decisions, however, have in effect created a gap in this otherwise complete coverage. Where a municipal sidewalk has abutted a road designated as a State highway, the Court has concluded that the Section 8542(b)(7) local agency sidewalks exception did not apply, because the sidewalk was not within the right-of-way of a street "owned by the local agency." *Gray.* Because the present case concerns an alleged injury on a sidewalk in Philadelphia adjacent to a City property and to streets designated as State highways, and the trial court entered judgment on the pleadings against White on that basis, the Court must examine the statutes that determine the status of the streets before ruling on the validity of the judgment.

Section 542 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. § 670–542, appears in Article V, Division (d) of that Act, relating to streets in first and second class cities. Section 542 provides in part:

After the streets, designated as State highways shall have been taken over by the Commonwealth, they shall be maintained, constructed, reconstructed, resurfaced and repaired by the department at the expense of the Commonwealth, and such construction, reconstruction, and resurfacing shall be of such type as shall be determined by the secretary, with the approval of the Governor, and repairs and

maintenance shall be of such type as shall be determined by the secretary: Provided, however, That nothing in this section shall be construed to place upon the Commonwealth any obligation to repair and maintain the curbing and footways of any such street, or to remove snow or keep streets clean....

The plain language of this Section precludes any responsibility on the part of the Commonwealth for maintenance of sidewalks abutting roads that have been designated and taken over as State highways.[2] Because this section addresses the same subject matter as Section 8522(b)(4) of the Judicial Code, namely, the responsibility of the Commonwealth in regard to sidewalks, the two statutes are *in pari materia* and are to be construed together. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932; *Concerned Citizens for Better Schools v. Brownsville Area School Dist.*, 660 A.2d 668 (Pa.Cmwlth.1995).

At the same time, it is clear that the City owns the Philadelphia Visitors Center and that the sidewalk where the injury allegedly occurred therefore is adjacent to a property owned by the City. Absent any other considerations, the City would be the primarily liable owner of the sidewalk. Section 8542(b)(7) of the Judicial Code specifies "sidewalks within the rights-of-way of streets owned by a local agency...." However, as Judge Pellegrini pointed out in his forceful dissent in *Gray*, the term "street" encompasses two distinct portions—the cartway available for vehicles and the sidewalk available for pedestrians. Section 542 of the State Highway Law defines the effect of the

Commonwealth's designating and taking over a street in a city of the first class as a State highway. Neither that provision nor any other that this Court has found clearly provides that such an act of designation and taking over constitutes vesting ownership of the street, including the sidewalk, with the Commonwealth.[3]

In view of the comprehensive scheme established in the immunity and exceptions provisions of the Judicial Code, and in view of the applicable provisions of the State Highway Law, the Court cannot conclude that the legislature intended to create the anomalous and unjust result that a plaintiff may not assert a cause of action against either the City or the Commonwealth for an injury caused by a defect of a sidewalk that is adjacent to property owned by the City but that abuts a road designated as a State highway. Accordingly, the Court interprets "sidewalks within the rights-of-way of streets owned by the local agency" in Section 8542(b)(7) to include sidewalks in a city of the first class that are owned by the city and that abut a State highway. The grant of judgment on the pleadings in this case must be classified as error, and the decision is reversed because the pleadings did not establish that the City could not be liable as a matter of law. This case must be remanded for further proceedings.

*ORDER*

AND NOW, this 30th day of April, 1998, the order of the Court of Common Pleas of Philadelphia County is reversed, and this

---

**2.** In contrast, Section 416 of the State Highway Law, 36 P.S. § 670–416, relating to sidewalks along State highways, provides that whenever it appears that any portion of a State highway "in any township" is dangerous to the traveling public and that the danger could be materially reduced by the construction of a sidewalk, then DOT may assist local authorities to construct such a sidewalk. "All sidewalks constructed under the provisions of this section shall thereafter be considered as a part of the State highway system, and shall be reconstructed, maintained and repaired, by the department...."

**3.** *Compare Ciarimboli v. Walworth Co.*, 64 D. & C.2d 115 (1973), *aff'd per curiam*, 228 Pa.Super. 766, 315 A.2d 292 (1974), where a pedestrian fell

while walking one night on an unimproved but well-worn walkway along a State highway and adjacent to a plant building. The trial court rejected the company's contention that it lost title to the walkway area when the Commonwealth condemned that ground up to the wall of the building. The trial court held that the Act of May 31, 1911, P.L. 468, *as amended* (*see* 36 P.S. § 1), pursuant to which the land was taken, related solely to the portion of the land taken specifically for highway purposes. It did not affect ownership of the property abutting the State highway, which remained in the possession of the company and for which the company remained liable.

case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.