Juanita **JACKSON**, Appellant,

v.

**CITY OF PHILADELPHIA** and **Commonwealth of Pennsylvania, Department of Transportation and Donald Riles.**

Commonwealth Court of Pennsylvania.

Argued June 4, 2001.

Decided Aug. 23, 2001.

---

Steven D. Janel, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee, City of Philadelphia.

Before PELLEGRINI, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

This appeal raises a question of the proper interpretation of the utility service facilities exception to governmental immunity, specifically whether the municipal entity must own the defective equipment or object which causes the injury, or whether liability may be imposed if such equipment, although owned by a private party, is an integral part of that third party's connection and access to the municipal utility service. Plaintiff, Juanita Jackson, appeals from the order of the Court of Common Pleas of Philadelphia County, which granted summary judgment and dismissed Jackson's claims against the City. Because we agree with common pleas that ownership by the local agency is required, we affirm.

Jackson filed a complaint against the City of Philadelphia, the Commonwealth of Pennsylvania, Department of Transportation, and property owner, Donald Riles, alleging that she fell when her foot was caught in an uncovered curb-stop box [1] on the sidewalk of 1129 West Erie Avenue in

---

1. According to deposition testimony, a "curb stop box" houses the "curb stop valve" used to shut off the water supply to the adjacent property.

Philadelphia. According to her complaint, Jackson sought damages from the City of Philadelphia (City) on the theory that the City owned, controlled and/or maintained the sidewalk located at 1129 West Erie Avenue, the City was responsible for the maintenance of the curb-stop box located in the sidewalk at that location, and that leaving the curb-stop box uncovered created a reasonably foreseeable risk of injury. At the time of the incident Donald Riles owned 1129 West Erie Avenue and the portion of West Erie Avenue abutting this property is a Commonwealth highway. In its answer, the City denied ownership or control of the sidewalk and denied it had the responsibility to maintain the curb-stop box. In a new matter, the City asserted the defense of governmental immunity pursuant to 42 Pa.C.S. § 8541.[2]

Following discovery, Jackson moved for partial summary judgment, requesting the Court of Common Pleas to determine that her claims were actionable under 42 Pa. C.S. § 8542(b)(5), the utility service facilities exception to governmental immunity, and 42 Pa.C.S. § 8542(b)(7), the sidewalks exception to governmental immunity.[3] The City filed a cross-motion for summary judgment asserting that the claims were barred by governmental immunity, arguing that the exceptions cited by Jackson did not apply. In connection therewith, the City averred, *inter alia*, that:

> [T]he curb stop box [is] owned by and the responsibility of the owner of the property receiving water and sewer service.
>
> . . .
>
> The only parts of the Water Supply and combined Sewer Drainage Systems owned by the City of Philadelphia are the water main itself, the sewer and the water meter.
>
> . . .
>
> Other than the water meter, all of the connecting lines and other equipment necessary for water and sewer service between the house served and the water main and sewer are owned by the owners of the house.

Motion of the City of Philadelphia for Summary Judgment ["MSJ–C"] at pp. 3–4. Jackson did not controvert the City's allegation that it did not own the curb-stop box itself, but claimed that it was "a part of the facility of water and sewer system" owned by the City. Plaintiff's Response to MSJ–C at ¶ 8. Further, the City adduced undisputed testimony that maintenance and repair of all water service components from the water main into the house, including the curb-stop box, was the responsibility of the property owner. [McCallion dep. at 32.]

The City also averred that the street adjacent to the sidewalk in question was "a state highway under the jurisdiction of the Commonwealth" as to which the City "has

---

**2.** The governmental immunity provisions at 42 Pa.C.S. §§ 8541–54 are often referred to as the Political Subdivision Tort Claims Act. Section 8541 provides that, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541.

**3.** Pursuant to § 8542(b), a local agency may be liable for:

> (5) Utility Service Facilities—A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way
> . . . .
> (7) Sidewalks—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency . . .
> 42 Pa.C.S. § 8542(b).

not entered a written contract with a Commonwealth agency for [its] maintenance and/or repair." MSJ–C at p. 2. These averments were not controverted.

Common pleas denied Jackson's motion, granted the City's motion, and entered an order dismissing all claims against the City. Common pleas decided that since the curb-stop box was not owned by the local agency, it did not satisfy the utility service facility exception to governmental immunity. In addition, common pleas decided that since the portion of West Erie Avenue abutting the property is a state highway, the sidewalk exception to governmental immunity did not apply.

On appeal, Jackson first asserts that the City is liable under the utility service facilities exception to governmental immunity, which provides liability for "a dangerous condition of the facilities of steam, sewer, water, gas or electric systems *owned* by the local agency ...." [emphasis added]. She argues that the curb-stop box is part of or a facility of the water supply system and that application of the exception does not require the local agency to own the actual component causing the injury; rather the exception only requires that the utility *system* be owned by the local agency. The City, on the other hand, maintains that the utility service facilities exception requires the local agency to own the specific component or facility which is in a dangerous condition.

In resolving this conflict, we first note that, as our Supreme Court has recently reiterated:

The determination of whether judgment was properly entered in favor of the City begins with an examination of the applicable provisions of the Tort Claims Act. This Act legislatively raises the shield of governmental immunity against any damages on account of injury to a person or property caused by any act of a local agency or employee thereof. 42 Pa.C.S. § 8541. By way of exception to the rule of governmental immunity, the Act provides that liability may be imposed if the damages suffered by an injured party would be recoverable at common law or by statute and the negligent acts of the local *agency* fall within one of the enumerated exceptions to immunity. 42 Pa.C.S. 8542(a). Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed. *Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184, 185–186 (1994).

*Lockwood v. City of Pittsburgh,* 561 Pa. 515, 519–20, 751 A.2d 1136, 1138–39 (2000).

■ In keeping with this long-established principle regarding our interpretation of immunity statutes, we believe it to be clear that the legislature intended to impose liability upon municipalities only for injuries arising from the defective condition of its own equipment and facilities. To be sure, even the pipes and faucets inside private homes are, in a general sense, a necessary part of the municipal *system* which conveys water to city residents for their use.[4] Nonetheless, to include within the sweep of the immunity exception injuries caused by equipment owned by private parties and providing their access to the utility service would be

---

**4.** It should be noted that the evidence put forward in the cross-motions manifests that the City exercises a greater degree of control over the curb-stop boxes located on public sidewalks than it could over those parts of the system located within private premises. While this distinction might be relevant if the issue were duty of care, we do not find it dispositive of our construction of the immunity exception, which specifically requires *ownership.*

an expansive reading of the statute quite at odds with our strict construction mandate. Moreover, we can see little logic in imputing to the legislature an intent to impose liability upon the City for the defective condition of an object which a third party is obligated to maintain and repair. Accordingly, we hold that for purposes of the utility service facilities exception to governmental immunity, the instrumentality which causes the harm must be owned by the local agency.[5]

■ This holding, however, does not dispose of the question of whether summary judgment was properly issued. Pennsylvania Rule of Civil Procedure No. 1035.2 provides that any party may move for summary judgment as a matter of law when there is no genuine issue of material fact as to a necessary element of the cause of action or defense. Plainly, whether the City owns the dangerous instrumentality is a material fact, and—unlike the faucets inside private homes—ownership of the curb-stop box is not self-evident. However, Pa. R.C.P. No. 1035.2(2) provides for the grant of summary judgment:

[I]f, after the completion of discovery relevant to the motion, ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would re-

quire the issues to be submitted to a jury.

In other words:

Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to judgment as a matter of law.

*Young v. Commonwealth, Dept. of Transp.,* 560 Pa. 373, 375, 744 A.2d 1276, 1277 (2000). Since Jackson did not come forward with any evidence to establish a genuine issue of material fact regarding the ownership of the curb-stop box, an issue essential to her case and as to which she bears the burden of proof,[6] the City was entitled to judgment as a matter of law.

■ Next, Jackson argues that the defective curb-stop box falls into the sidewalk exception to governmental immunity. In support of this argument, Jackson erroneously relies on *White v. City of Philadelphia,* 712 A.2d 345 (Pa.Cmwlth.1998). In *White,* this court held that a local agency could be held liable under the sidewalk exception if the agency owns the property abutting the state highway. *Id.* at 348. *White* does not apply here because the City does not own the property abutting the sidewalk. It is well settled that a local agency is not liable for a dangerous condition of a sidewalk abutting a state high-

---

**5.** The cases upon which Jackson relies, primarily *Primiano v. City of Philadelphia,* 739 A.2d 1172 (Pa.Cmwlth.1999) and *County of Allegheny v. Dominijanni,* 109 Pa.Cmwlth. 484, 531 A.2d 562 (1987), are readily distinguishable. In *Primiano,* this court held that damage caused by a defective water meter fell into the utility service facilities exception to governmental immunity. However, the City owned the defective facility, the water meter. *Primiano,* 739 A.2d at 1174. In *Dominijanni,* municipal ownership of the defective sewer pipe was pleaded by the plaintiff and there-

fore assumed for purposes of ruling upon preliminary objections. In none of the cases cited by Jackson was the element of ownership at issue, or even addressed by the court.

**6.** A claimant seeking to impose liability upon a local agency has the burden of establishing that the agency's negligent act falls within one of the exceptions to governmental immunity. *Mickle v. City of Philadelphia,* 669 A.2d 520, 522–23 (Pa.Cmwlth.1996), *aff'd,* 550 Pa. 539, 707 A.2d 1124 (1998).

way. The local agency can be liable only if it owns the highway or the property abutting the highway. *Sherman v. City of Philadelphia,* 745 A.2d 95 (Pa.Cmwlth. 2000); *Gray v. Logue,* 654 A.2d 109 (Pa. Cmwlth.1995). Since the City does not own the property known as 1129 West Erie Avenue or the portion of West Erie Avenue abutting the property, the trial court properly granted summary judgment.

We therefore affirm.

### ORDER

AND NOW, this 23rd day of August, 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is AFFIRMED.

PELLEGRINI, Judge, concurring and dissenting.

While I join with the majority holding that the utility exception to immunity does not apply in this case, I respectfully dissent to that portion of the opinion that properly holds, based on our decisions in *Sherman v. City of Philadelphia,* 745 A.2d 95, (Pa.Cmwlth.2000) and *Gray v. Logue,* 654 A.2d 109 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995), that the sidewalk exception[1] to governmental immunity does not apply because the sidewalk in question abuts a state-highway in a city of the First Class (Philadelphia). I respectfully dissent because I believe those cases were incorrectly decided.

Those decisions ignore[2] that when the Commonwealth takes over the vehicular-traveled portions of a dedicated right-of-way, it does not take over the entire "right-of-way." A street is composed of two distinct portions: the cartway for vehicles and the sidewalk for pedestrians. *Mercantile Library v. Fidelity Trust Co.,* 235 Pa. 5, 83 A. 592 (1912). When a local road in Philadelphia is taken as a state highway, the Commonwealth only takes over the responsibility for the cartway,[3] leaving ownership of the sidewalk portion of the street right-of-way in the hands of the local municipality.

Because, at the very least, a sidewalk is part of the "street" right-of-way and remains "owned" by Philadelphia, based on the plain language of the exception, for it is secondarily liable for defects in the sidewalk, I would hold that the sidewalk exception applies. For that reason and the reasons expressed in Judge Smith's Concurring and Dissenting Opinion in *Sher-*

1. The sidewalk exception to governmental immunity applies when an injury is caused by: A dangerous condition of sidewalks **within the rights-of-way of streets owned by the local agency,** except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition ... When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable. (Emphasis added.) 42 Pa.C.S. § 8542(b)(7).

2. Although *Sherman* states: "[R]ather than laboring through an analysis as to the true definition of what constitutes a 'street'....", *Id.,* 745 A.2d at 105, such an analysis needs to be labored over because it is the only way to determine if the "right-of-way" at issue is owned by the local agency.

3. While not needed to address this issue, the question that still needs to be resolved is when the Commonwealth takes over a local road, it is only taking over maintenance responsibilities or is assuming "ownership" of the cartway.

*man* and my Dissenting Opinion in *Gray*, I would reverse the trial court's' decision granting summary judgement.

Accordingly I dissent.

