**[J-128-2016] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


METROPOLITAN EDISON COMPANY,     :   No. 58 MAP 2016

           Appellant     :   Appeal from the Order of the
                               :   Commonwealth Court dated October
                               :   15, 2015 at No. 2188 CD 2014
         v.                    :   Reversing the Judgment Entered in the
                               :   Berks County Court of Common Pleas,
                               :   Civil Division, dated November 17,
CITY OF READING,               :   2014, exited November 19, 2014, at No.
                               :   10-21418.
           Appellee     :
                               :   ARGUED: December 7, 2016


## CONCURRING OPINION


**JUSTICE MUNDY**                               **DECIDED: June 20, 2017**

I join the majority opinion. As the majority notes, Section 8542(b) of the Tort Claims Act, provides in relevant part:

> **(b) Acts which may impose liability.**--The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . .
>
> (5) *Utility service facilities.*--A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(5).

With respect to the utility service facilities exception, I would expressly adopt the following position set forth by the Commonwealth Court in *Miller v. Pa. Dep't of Transp.*, 690 A.2d 818 (Pa. Cmwlth. 1997):

> In *County of Allegheny v. Dominijanni*, 109 Pa. Cmwlth. 484, 531 A.2d 562 (1987), the Court held that the term "right-of-way," as used in this exception included the strip of land on which the local agency constructed its utility service facilities. In *Dominijanni* the underlying suit was based on the agency's negligence, inter alia, in failing to use the proper backfill when installing a sewer pipe, which resulted in a landslide. Consequently, this Court concludes that the language "of the facilities ... and located within rights of way" in the utilities service facilities exception applies not only to the water pipes but also to the strip of land which the [water authority] disturbed to repair its water pipe.

*Miller, supra* at 820.

By expressly adopting *Miller*, this Court will definitively establish that the utility service exception applies to the utiliity's property as well as to the land within its right-of-way.

Justice Baer joins this concurring opinion.